UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM POLSON,

                               Plaintiff,

   -v.-                                           9:08-CV-30
                                                           (TJM)

BRIAN FISCHER, Commissioner, NYSDOCS;
and ROBERT K. WOODS, Superintendent,
Upstate Correctional Facility,

                               Defendants.

APPEARANCES:

WILLIAM POLSON
93-A-9724
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821
Plaintiff, *pro se*

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff William Polson commenced this action by filing a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis.* Dkt. Nos. 1, 2. By Decision and Order filed January 24, 2008, (1) defendant A. Thomas was dismissed from this action because he is not a state actor; (2) plaintiff was directed to submit an amended complaint because his complaint was incomplete, unsigned, and failed to state a claim against the remaining defendants; and (3) plaintiff was directed to either pay the full filing fee of $350.00 or submit an inmate authorization form. Dkt. No. 3. Plaintiff submitted an inmate authorization form. Dkt. No. 4. Plaintiff has also submitted a motion for reconsideration of this Court's January 24, 2008 Order. Dkt. No. 5.

**I.      *In forma pauperis* application**

Plaintiff has timely filed an inmate authorization form. Dkt. No. 4. After reviewing the entire file, including plaintiff's *in forma pauperis* application, plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **granted**.

**II.     Motion for reconsideration**

In support of his motion for reconsideration, plaintiff requests that inmate A. Thomas be added back in as a defendant to this action because the entire action "is about this Inmate who was Place[d] in my SHU CELL as my Bunkie when he started Punching me and beating me in the Face and Chest." Dkt. No. 5 at 1. Plaintiff also asserts that he did previously submit his entire complaint and it was signed. *Id*.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney*, 899 F.Supp. at 925 (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Plaintiff has not indicated upon which justification he bases his motion for reconsideration.

Since plaintiff does not suggest either that there has been an intervening change in the controlling law or that he has discovered new evidence, the Court assumes that plaintiff seeks to argue that reconsideration is necessary to remedy a clear error or law or to prevent manifest injustice.

With respect to plaintiff's request that inmate A. Thomas be added back in as a defendant, as set forth in the January 24, 2008 Order, plaintiff is again advised that

> Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).  Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation omitted)).

*See* Dkt. No. 3.  Because inmate A. Thomas did not act under color of state law, plaintiff fails to state a claim against him pursuant to 42 U.S.C. § 1983.  Plaintiff is merely trying to reargue an issue that was previously decided, and thus presents no basis for reconsideration in this regard.

Moreover, while plaintiff alleges that he did sign his original complaint, and it was complete, plaintiff is advised that the Court only received pages 1-4 of plaintiff's original complaint together with seven pages of exhibits.  No signature page was included.  The Clerk will be directed to send plaintiff a copy of his original complaint (Dkt. No. 1) for his review.

Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest

injustice on plaintiff. Accordingly, the Court denies plaintiff's motion for reconsideration.

### III.     Must file amended complaint

Plaintiff has attached a proposed amended complaint to his motion for reconsideration. Dkt. No. 5 at 3-9. The Court has reviewed the proposed amended complaint and finds it to be deficient. Plaintiff again includes A. Thomas, an inmate, as a defendant. For the reasons set forth in the January 24, 2008 Order, which were adopted upon reconsideration herein, plaintiff fails to state a claim against A. Thomas because A. Thomas is not a state actor for purposes of 42 U.S.C. § 1983. Additionally, the amended complaint names Brian Fischer, Commissioner NYDOCS; Robert K. Woods, Superintendent of Upstate Correctional Facility; and M. Goyea,[1] Corrections Officer at Upstate Correctional Facility, but fails to allege specific acts of wrongdoing by each defendant. As advised in the January 24, 2008 Order, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted). Moreover, to the extent that plaintiff is naming Brian Fischer and Robert K. Woods as supervisors, plaintiff is again advised that

> A plaintiff may demonstrate the personal involvement of a supervisory defendant by evidence that (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *See id.* (quoting *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Plaintiff has not alleged specific acts of wrongdoing by defendants Fischer, Woods, or Goyea.

---

[1] M. Goyea was not named in the original complaint.

Accordingly, the Court finds that the proposed amended complaint attached to his motion for reconsideration fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.

In light of plaintiff's *pro se* status, he is afforded one final opportunity to file an amended complaint if he wishes to avoid dismissal of this action. Plaintiff's amended complaint must be a complete pleading which will replace and supersede the original complaint in its entirety. Plaintiff must set forth in his amended complaint all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the plaintiff and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.

Any amended complaint, **which shall supersede and replace in its entirety the previous complaint**, must contain a caption that identifies, by name, each individual and/or entity that plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. If plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall assert claims against each and every defendant named in such complaint, and shall be submitted to the Court **within thirty (30) days** from the date of the

filing of this Order.  Any defendants not named in the amended pleading shall not be defendants in this action.  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  The amended complaint shall not name inmate A. Thomas as a defendant.  **Plaintiff's failure to file an amended complaint within thirty days will result in dismissal of this action, without prejudice, without further Order of the Court.**

WHEREFORE, it is hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**,[2] and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED, that plaintiff's motion for reconsideration (Dkt. No. 5) of the January 24, 2008 Order is **DENIED**, and it is further

ORDERED, that should plaintiff wish to proceed with this action, he is directed to file a signed amended complaint **within thirty (30) days** of the filing date of this Order which complies with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Order and the January 24, 2008 Order, and it is further

ORDERED, that upon the filing of an amended complaint, the Clerk return the file to this

---

[2] Plaintiff should note that even though his request has been granted, plaintiff is still required to pay other fees that he may incur in the future including copying and/or witness fees.

Court, and it is further

ORDERED, that should plaintiff fail to comply with the terms of this Order **within thirty days** of the filing date of this Order, the Clerk shall enter Judgment dismissing this action **WITHOUT PREJUDICE without further Order of this Court**, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff, together with a copy of plaintiff's original complaint, in accordance with the Local Rules.

March 20, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge