IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

WILLIAM POLSON, JR.,

               Plaintiff,

       v.                                    Civil Action No.
                                             9:08-CV-030 (TJM/DEP)

ROBERT K. WOODS, Superintendent,
Upstate Correctional Facility*, et al.,*

               Defendants.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

WILLIAM POLSON, JR., *Pro Se*
93-A-9724
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

FOR DEFENDANTS:

HON. ANDREW M. CUOMO          DOUGLAS J. GOGLIA, ESQ.
Attorney General of the State     Assistant Attorney General
  of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Plaintiff William Polson, Jr., a prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983, alleging deprivation of his civil rights.  In his complaint, Polson seeks to recover damages for injuries sustained in April of 2007 at the hands of a fellow inmate, alleging that defendants failed to protect him from harm despite their awareness of the prisoner's threats against him.

Among the defendants named by Polson in his initial and two amended complaints is Robert Woods, the superintendent of the prison facility in which plaintiff was housed when his injuries were sustained.  In response to plaintiff's first amended complaint, defendant Woods has moved for dismissal of plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon Polson's failure to allege his personal involvement in the conduct giving rise to his claim.  For the reasons set forth below I recommend that the motion, which I have deemed to relate to plaintiff's second amended complaint – submitted as a matter of right after the filing of defendant Woods' motion – be granted, and that all of plaintiff's claims against defendant Woods be dismissed.

2

I.     <u>BACKGROUND</u>[1]

Plaintiff is a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"); at the times relevant to his claims Polson was housed in the Upstate Correctional Facility ("Upstate"), located in Malone, New York.[2]   *See generally* Second Amended Complaint (Dkt. No. 22).[3]   On April 27, 2007, not long after plaintiff's transfer into Upstate, another inmate was moved into plaintiff's cell, which for approximately thirty days had been occupied only by Polson.  First Amended Complaint (Dkt. No. 13) ¶¶ 9, 12.  Within a short

---

[1]     In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's amended complaint, the contents of which have been accepted as true for purposes of the pending motion.  *See Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

[2]     Upstate is a maximum security prison comprised exclusively of special housing unit ("SHU") cells in which inmates are confined, generally though not always for disciplinary reasons, for twenty-three hours each day.  *See Samuels v. Selsky*, No. 01 CIV. 8235, 2002 WL 31040370, at *4 n.11 (S.D.N.Y. Sept. 12, 2002).

[3]     While defendant Woods' motion is addressed to plaintiff's first amended complaint, filed on September 2, 2008, Dkt. No. 13, his second amended complaint, Dkt. No. 22, is the operative pleading currently before the court, having been filed on May 29, 2009 as a matter of right.  *See* Fed. R. Civ. P. 15(a).   Despite having been superceded, *Harris v. City of New York*, 186 F.3d 243,249 (2d Cir. 1999), however, plaintiff's earlier complaints are properly considered by the court when evaluating the plausibility of his claims.  *Denny v. Barber*, 576 F.2d 465, 470-471 (2d Cir. 1978)(holding denial of leave to serve second amended complaint appropriate where plaintiff was on "the plainest notice of what was required" and failed to plead accordingly).

3

period of time plaintiff's new cell mate began to threaten him with physical harm, saying that he would beat him to the point where he "would not be able to walk."  *Id.* ¶ 12.  Plaintiff informed an unidentified corrections officer of the threats, but no action was taken to protect him from the fellow inmate.  *Id.* ¶¶ 13-14.

On April 28, 2007 plaintiff was attacked by his cellmate.[4]  During the course of the altercation Polson sustained injuries requiring medical attention.  *Id.*  Second Amended Complaint (Dkt. No. 22) § 6.

II.   <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on January 9, 2008.  Dkt. No. 1.  Plaintiff's original complaint named DOCS Commissioner Brian Fischer, Upstate Superintendent Robert K. Woods, and fellow inmate A. Thomas as defendants.  *Id.*  Upon initial review of plaintiff's complaint, by order dated January 24, 2008 Senior District Judge Thomas J. McAvoy granted plaintiff's request for *in forma pauperis* status, but directed him to file an amended complaint noting several deficiencies in the original pleading

---

[4]      As a result of the incident plaintiff was issued a misbehavior report charging him with fighting (Disciplinary Rule 100.13) and engaging in violent conduct (Disciplinary Rule 104.11).  *See* Second Amended Complaint (Dkt. No. 22), Attachment at  pp. 19-21.  Those charges, however, were subsequently dismissed following a disciplinary hearing.  *Id.*

including, *inter alia*, Polson's failure to allege any wrongdoing on the part of Commissioner Fischer and Superintendent Woods.  Dkt. No. 3.

Plaintiff filed a first amended complaint on September 2, 2008, in response to the court's directive.  Dkt. No. 13.  That second pleading named Superintendent Woods and an unidentified "John Doe" corrections officer as the sole defendants, asserting claims against them based upon defendants' failure to protect him from a known danger.  Dkt. No. 13.  On October 20, 2008 Senior District Judge McAvoy issued an order accepting the new pleading for filing and ordering dismissal of Commissioner Fischer from the action in view of plaintiff's failure to name him as defendant in his amended complaint.  Dkt. No. 14.

In lieu of answering plaintiff's first amended complaint, on December 30, 2008 defendant Woods moved seeking dismissal of plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,   Dkt. No. 18.  In his motion, Woods argues simply that plaintiff's complaint, as amended, fails to establish a basis for finding that he was personally involved in the conduct giving rise to the constitutional violation alleged.  *Id.*  Plaintiff has since responded in opposition to defendant's motion, asserting that defendant Woods should be held

accountable based upon "his policys [sic]" and "his inaction to protect [the plaintiff]."  Polson Aff. (Dkt. No. 21) ¶ 4.  Plaintiff's motion has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

    A.    Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which, though unexacting in its requirements, "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation" in order to withstand scrutiny.  *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, (2007)).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  *Id.*  While modest in its requirement, that rule commands that a complaint contain more than mere legal conclusions;

6

"[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft,* 2009 WL 1361536, *13.

To withstand a motion to dismiss, a complaint must plead sufficient facts which, when accepted as true, state a claim which is plausible on its face.  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570 127 S. Ct. at 1974).

B.   Legal Effect of Intervening Amended Complaint

Following the filing of defendant Woods' motion, plaintiff proffered a second amended complaint which was filed with the court on May 29, 2009.  Dkt. No. 22. "'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'deny[ ] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'" *Illiano v. Mineola Union Free School Dist.*, 585 F. Supp. 2d 341, 349

7

(E.D.N.Y. 2008) (quoting *Roller Bearing Co. of American, Inc. v. American Software*, Inc. 570 F. Supp. 2d 376, 384 (D.Conn. 2008)).  In this instance, plaintiff was afforded leave to amend the initial complaint with direction from the court as to the deficiencies.  Plaintiff amended the complaint, but failed to allege any specific wrongdoing on the part of Superintendent Woods.

Plaintiff's second amended complaint suffers from these same deficiencies, which form the basis for defendant Woods' dismissal motion, in that it fails to articulate a basis for finding the requisite personal involvement necessary to establish liability on the part of Superintendent Woods.  In light of this procedural history and plaintiff's repeated failure to remedy the deficiencies in his pleading, I have chosen to proceed with the issuance of a report and recommendation.  After twice having been reminded of the obligation to allege facts to establish a basis for personal involvement of Superintendent Woods, as a supervisory employee, *see* Order dated January 24, 2008 (Dkt. No. 3) at p. 4; Order dated March 20, 2008 (Dkt. No. 6) at p. 4, plaintiff's complaint remains devoid of any such allegations.  I therefore recommend that defendant's motion be deemed to relate to plaintiff's second amended complaint, and that no further

8

amendments as to defendant Woods be permitted.  *Foman v. Davis*, 371

U.S. 178, 182, 83 S. Ct. 227 (1962) (motion to amend should be denied if

there is "apparent or declared reason such as undue delay, bad faith or

dilatory motive . . ., repeated failure to cure deficiencies previously

allowed. . . [or] . . . futility of amendment.")

      C.    Personal Involvement

     In his motion, Superintendent Woods asserts that plaintiff's claims

against him are brought solely on the basis of his supervisory position and

that Polson's complaint, as amended, fails to contain allegations sufficient

to establish liability on his part for the constitutional violation alleged.

     A fundamental, bedrock requirement for establishing liability of a

defendant under section 1983 is that the party was personally involved in

some way in the alleged deprivation of constitutional rights.  *Wright v.*

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of*

*Brookfield*, 920 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568

F.2d 930, 934 (2d Cir. 1977)).  In order to prevail on a section 1983 cause

of action against an individual, a plaintiff must therefore show some

tangible connection between the constitutional violation alleged and that

particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir.

1986).

Under even the most generous reading of plaintiff's various complaints it is readily apparent that Superintendent Woods is not alleged to have been directly involved in the failure to protect him from harm at the hands of his cellmate, nor does plaintiff allege a basis to conclude that Superintendent Woods was specifically advised of the threats made against Polson by the fellow prisoner. Instead, plaintiff's claims against Superintendent Woods are predicated upon his role as the highest ranking supervisor at Upstate.

As defendant Woods notes, it is well-established that a supervisor cannot be liable for damages under section 1983 solely by virtue of being a supervisor; there is no *respondeat superior* liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. Mere vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees will not suffice to bridge the gap and establish the requisite personal involvement in support a finding of liability. *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a failure-to-supervise claim . . . [that claim is insufficient where] it lacks any

10

hint that [the supervisor] acted with deliberate indifference to the possibility that his subordinates would violate [plaintiff's] constitutional rights.").

While *respondeat superior* will not suffice to establish liability, culpability on the part of a supervisory official for a civil rights violation can be established in one of several ways, including when that individual 1) has directly participated in the challenged conduct; 2) after learning of the violation through a report or appeal, has failed to remedy the wrong; 3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) was grossly negligent in managing the subordinates who caused the unlawful event; or 5) failed to act on information indicating that unconstitutional acts were occurring.  *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007); *see also Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).  None of these factors is alleged with the requisite plausibility to have existed in this case.

Plaintiff's first amended complaint accuses Woods of little more than being in charge at Upstate, and in that capacity bearing ultimate responsibility for the safety of inmates.  *See, e.g.* First Amended

11

Complaint (Dkt. No. 13) ¶¶ 3, 18.  Plaintiff also baldly asserts that

Superintendent Woods "has demonstrated nothing but incompetence and

possibly complicity in the administration of Upstate Facility," without

providing specifics.  Plaintiff's Aff. (Dkt. No. 21) ¶ 4.  Plaintiff's second

amended complaint is even less specific with respect to his allegations

against Superintendent Woods, and in fact fails to assert any facts which

would even remotely form a proper basis for finding liability on his part for

the constitutional violations alleged.

Because plaintiff has failed to alleged sufficient facts to demonstrate

a plausible civil rights claim against defendant Woods, I recommend that

his motion to dismiss be granted.   And, since plaintiff has now filed with

the court three separate pleadings, none of which contain allegations

sufficient to establish a plausible claim against defendant Woods, despite

twice having been admonished of the need to support his claim against

that defendant, I recommend that plaintiff be denied leave to replead as

against defendant Woods.

VI.    SUMMARY AND RECOMMENDATION

Plaintiff alleges that defendant Woods, in his capacity as the

superintendent of Upstate, should have prevented the injuries that he

sustained at the hands of another inmate.  Lacking in any of plaintiff's

three complaints, however, is any allegation of fact tending to show

Woods' personal involvement in the constitutional violation charged.

Accordingly, it is hereby respectfully

RECOMMENDED that defendant Woods' motion to dismiss (Dkt.

No. 18-2) be GRANTED and that plaintiff's claims against defendant

Woods be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT

TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P.  6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85

(2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

Report and Recommendation upon the parties in accordance with this

court's local rules.

Dated:      June 23, 2009
            Syracuse. NY

David E. Peebles
U.S. Magistrate Judge

13