UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM POLSON, JR.,

                              Plaintiff,

    v.                                                                                 08-CV-030

BRIAN FISCHER, Commissioner,
New York State Department
of Correctional Services, *et al.*,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff, William Polson, Jr., an inmate in the custody of the New York Department of Correctional Services ("DOCS") and incarcerated at Upstate Correctional Facility ("Upstate CF"), brought this action *pro se* pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights by Defendant Mullam, a Corrections Sergeant at Upstate CF, and Defendants Grant, Winston, and Gonyea Corrections Officers of the same facility.[1] Specifically, Plaintiff alleges that DOCS: (1) failed to protect him from an assault by his "cell-mate"; (2) denied him proper treatment for his medical conditions; and (3) failed to respond to his related grievances.  Defendants moved to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Although named as a defendant, the action was previously dismissed as to Brian Fischer.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge David E. Pebbles issued a Report and Recommendation recommending that "defendants' motion be granted, but that plaintiff [be] afforded one final opportunity to amend his complaint to state a legally cognizable claim." Defendants have filed a timely objection to the report-recommendation.

## I.   FACTS

Plaintiff filed this action on January 9, 2008. See Docket No. 1. By Order dated January 24, 2008, the Court granted plaintiff's request for *in forma pauperis* status but dismissed the complaint because "as drafted, [the complaint] fail[ed] to state a claim upon which relief may be granted pursuant to § 1983." See Docket No. 3 at 5. "In light of plaintiff's pro se status," however, the court "afforded the opportunity to file an amended complaint" to avoid dismissal of the action." See Docket No. 3 at 5. Plaintiff was instructed to "set forth in his amended complaint all of the claims he intend[ed] to assert against the defendants and . . . . demonstrate that a case or controversy exist[ed] between the plaintiff and the defendants." See Docket No. 3 at 5. In this order, the Court explained the "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." See Docket No. 3 at 4 (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotations omitted). The Court set forth the ways that Plaintiff could demonstrate the personal involvement of a supervisory defendant.

Plaintiff filed a first amended complaint on September 2, 2008. See Docket No. 13. Defendants moved pursuant to Rule 12(b)(6) to dismiss the Complaint on the grounds that Plaintiff's Complaint, as amended, failed to establish a basis for finding personal involvement

...
...

by Defendants in the conduct giving rise to the constitutional violation. See Docket No. 18. Prior to the issuance of a decision on the motion, Plaintiff filed a second amended complaint. See Docket No. 22.  Pursuant to an Order dated July 17, 2009, the Second Amended Complaint was deemed to supercede and replace all prior complaints.  Presently before this Court is Defendants' motion to dismiss the Second Amended Complaint.  United States Magistrate Judge David E. Peebles issued a Report and Recommendation recommending that "defendants' motion be granted, but that plaintiff [be] afforded one final opportunity to amend his complaint to state a legally cognizable claim."  Specifically, Judge Peebles recommended that Plaintiff "be given one final opportunity to amend his complaint to set forth plausible claims of defendants' failure to protect him from known danger and medical indifference to his serious medical needs" but not as to his claim that Defendants failed to respond to his related grievances. Defendants have filed a timely objection to the report-recommendation.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." See 28 U.S.C. § 636(b)(1)(C).  General or conclusory objections, or objections where merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. See Farid v. Bouey, 554 F. Supp.2d 301, 306 n. 2 (N.D.N.Y. 2008).  After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." See 28 U.S.C. § 636(b)(1)(C).

### III.     DISCUSSION

Defendants objection argues that:

Plaintiffs should not be permitted yet another opportunity to replead.  Even given the special solitude afforded to pro se litigants, it was clear error for the Magistrate Judge to recommend that Plaintiff be granted leave in the hope that the he [sic] eventually would stumble upon the correct pleading formula.  Plaintiff already has failed on two occasions to follow this Court's unambiguous instructions explaining how to cure the deficiencies in his pleadings. . . It should be apparent that he cannot, and that amendment probably will be futile.  See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). . .

The Magistrate Judge's determination that Plaintiff was entitled to amend his complaint reasoned that the Court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated.  He noted that "all of plaintiffs' amended complaints were filed before any discovery, and . . . prior to any answer being filed" and that "defendants do not claim any prejudice resulting from plaintiff's repeated amendments."  Although, recognizing that Plaintiff had been "forearmed that dismissal would eventuate" and had already "twice amended his complaint" he recommended that "without in any way detracting from the gravity of the court's previous directives to plaintiff, and affording plaintiff the deference to which he is entitled as a pro se litigant" Plaintiff be provided one last opportunity to submit an amended complaint.

The Court adopts the rationale of the Report-Recommendation and holds that in light of Plaintiff's previous warnings he will granted twenty-five (25) days to replead as it

relates to his claims of failure to protect and deliberate medical indifference. Such an amended complaint, must replace the existing second amended complaint, must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court, and should specifically allege facts indicating the involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations.  See Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

**IV.    CONCLUSION**

Accordingly, the Court adopts the Report-Recommendation for the reasons stated therein and DISMISSES the Second Amended Complaint with LEAVE TO AMEND.  Any such Amended Complaint must be filed within twenty-five (25) days of the date of this Decision and Order.

IT IS SO ORDERED

Dated: July 21, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge