UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM POLSON, JR.,

        Plaintiff,

   v.                                        Civil Action No.
                                              9:08-CV-030 (TJM/DEP)

GRANT, Correctional Officer,
WINSTON, Correctional Officer Upstate
Correctional Facility, GONYEA,
Correctional Officer Upstate Correctional
Facility, and SERGEANT MULLADY,
Upstate Correctional Facility,

        Defendants.
_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

WILLIAM POLSON, JR., *Pro Se*
93-A-9724
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

FOR DEFENDANTS:

HON. ANDREW M. CUOMO         DOUGLAS J. GOGLIA, ESQ.
Attorney General of the State      Assistant Attorney General
  of New York
The Capitol

Albany, NY 12224-0341

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff William Polson, Jr., a prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983, alleging deprivation of his civil rights.  On June 16, 2010, Magistrate Judge David E. Peebles issued a Report and Recommendation addressing Defendants' motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6), which he deemed to relate to Plaintiff's Second Amended Complaint; Magistrate Judge Peebles recommended that Defendants' motion be granted, with leave to file an amended complaint only with regard to Plaintiff's claims of failure to protect and deliberate medical indifference.  Dkt. No. 38.  By Decision and Order dated July 21, 2010, the Court adopted that Report and Recommendation in full and granted plaintiff twenty-five (25) days to file an amended complaint.  Dkt. No. 40.  Plaintiff filed a Third Amended Complaint within the time frame imposed by the court, on August 13, 2010, Dkt. No. 41, to which Defendants have yet to respond.

As an initial matter, the Court notes that in his Third Amended

Complaint plaintiff no longer names Commissioner Brian Fischer as a Defendant and does not allege any claims against him, but for the first time identifies the New York State Department of Correctional Services ("DOCS") as a defendant in the action.  Rule 21 of the Federal Rules of Civil Procedure authorizes a court, "on motion of any party or of its own initiative at any stage of the action and on such terms as are just . . ." to order the addition of parties to an action.  Fed. R. Civ. P. 21; *see City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006).  That rule permits joinder "of a person, who through inadvertence, mistake, or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Oneida Indian Nation of New York State v. County of Oneida,* 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (McCurn, S.J.) (quoting, *inter alia, United States v. Hansel*, 999 F. Supp. 694, 697 (N.D.N.Y.1998)).  Although the Court's order of July 21, 2010 permitted Plaintiff one last opportunity to amend his complaint, it did not authorize Plaintiff to name additional parties to the action, and Plaintiff has not properly moved for such relief.[1]

---

[1]  In any event, Plaintiff's claims against the DOCS are barred by the Eleventh Amendment, which protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought.  *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978).  This absolute immunity that states

Accordingly, the DOCS will dismissed from the action, and the Clerk will be directed to amend the Court's records to reflect that Commissioner Brian Fischer is no longer a Defendant.[2]

Given the procedural posture of this case, the court will not otherwise engage in a *sua sponte* substantive review of the sufficiency of the allegations set forth in Plaintiff's Third Amended Complaint, but will leave for the Defendants any challenge to the facial sufficiency of the claims set forth therein.  Accordingly, it is hereby

ORDERED, that the DOCS shall be dismissed from this action; and it is further

ORDERED, that the Clerk of the Court amend the Court's records to correctly identify Sergeant Mullady as the Defendant in this action in

---

enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities, when the essence of the claim involved is one against a state as the real party in interest. *Richards v. State of New York Appellate Division, Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984), (citing *Pugh* and *Cory v. White,* 457 U.S. 85, 89-91 102 S. Ct. 2325, 2328-2329 (1982)).  Because any section 1983 claim against the DOCS is in reality claims against the State of New York, they typify those against which the Eleventh Amendment protects, and would also be subject to dismissal on that substantive basis.  *Daisernia v. State of New York,* 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.).

[2] The Court also notes that while the Plaintiff identifies "Sgt. Mullam" as a Defendant, the Court's records reveal that Sergeant Mullady has executed the acknowledgment of service of the summons issued to Sgt. Mullam.  Dkt. No. 28.  The Clerk will, therefore, be ordered to amend the Court's records to correctly identify Sergeant Mullady as the Defendant in this action in the place of Sgt. Mullam.

the place of "Sgt. Mullam"; and it is further

ORDERED, that within twenty-five (25) days of the date of this Decision and Order Defendants answer or otherwise move with regard to the Third Amended Complaint; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated:     September 10 , 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge